OPINION
{¶ 1} Appellant, Michele A. David, appeals from the March 7, 2007 judgment entry of the Ashtabula County Court of Common Pleas, which terminated her five-year marriage to appellee, Ryan G. David.
 {¶ 2} On October 5, 1999, appellee purchased a condominium on Lake Road West in Ashtabula County, Ohio. While the parties began living together in 1999, they did not marry until August 3, 2001. No children were born of the marriage.
 {¶ 3} On September 20, 2005, the parties separated. Appellant remained in the condominium while appellee moved in with his parents. Thereafter, a complaint for divorce was filed on October 7, 2005. The matter proceeded to a contested trial on August 31, 2006. The trial court issued a final decree of divorce on March 7, 2007, which states, in relevant part:
 {¶ 4} "There is no evidence that either of the parties have significant assets. The marital residence is a condominium titled in the plaintiffs name. While there is some disagreement on the amount that the mortgage was paid down during the marriage, no evidence was offered on the value of the condominium and the equity, if any.
 {¶ 6} "The plaintiff is awarded the real property known as Unit #1025 in the Saybrook Beach Club Condominium, located at 5235 Lake Road West, Ashtabula, Ohio, free and clear of any claim of the defendant."
 {¶ 7} Appellant requested findings from the trial court on March 14, 2007. Specifically, appellant requested what the pay-down of the mortgage on the condominium was "during the marriage," which the trial court determined from August 3, 2001 through August 31, 2006. By decision filed May 24, 2007, the trial court stated:
 {¶ 8} "[F]irst of all, the evidence of the amount by which the mortgage was reduced during the period of marriage was not precise, and there were alternative figures presented and argued, involving different dates. Nevertheless, the Court concluded that any division of the equity contained in the condominium would require a determination of value, evidence of which was not offered by either party. The reason is *Page 3 
that the condominium was clearly the Plaintiffs separate property, acquired by him prior to the date of marriage. The evidence was that the original mortgage was completely refinanced, early in 2001, prior to the date of the marriage. There was evidence that the Plaintiff spent substantial sums of his income for or on behalf of the Defendant, including $11,000.00 to pay off her premarital debt, her college tuition, and numerous other items that the Plaintiff attempted to account for in detail, and for which he requested credit."
 {¶ 9} Further, "[t]he Court determined that the simple mathematical calculation of the amount of money paid on the mortgage principal, without any evidence of the value of the property, would result in an arbitrary and inequitable division of the property, for the same reason that the Plaintiff could not expect to receive an offset or credit for every dollar he paid to or on behalf of the Defendant. In view of the substantial period of time that the Defendant continued to reside in the condominium, after the parties' separation, without any cost, and based upon all of the evidence presented, the Court concluded that it would not be equitable to award the Defendant a sum of money based upon the amount of money paid on the principal mortgage balance."
 {¶ 10} Appellant's only assignment of error states:
 {¶ 11} "The court erred and committed an abuse of discretion in failing to recognize the reduction in the home mortgage during the marriage in the amount of $35,435.29 and granting that division of marital property."
 {¶ 12} "A trial court has broad discretion in making divisions of property in domestic cases." Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, citing *Page 4 Berish v. Berish (1982), 69 Ohio St.2d 318. Absent an abuse of discretion, a trial court's decision will be upheld. Id. (Citations omitted.) "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "A decision is unreasonable if there is no sound reasoning process that would support that decision."AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161. This court must be mindful of the fact that when applying the abuse of discretion standard, we "may not substitute [our] judgment for that of the trial court." Women's Care,Inc. v. Belcher, 5th Dist. No. 2004-CA-0047, 2005-Ohio-543, at ¶ 29, citing S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667.
 {¶ 13} In divorce proceedings, the trial court's characterization of property as either separate or marital is governed by R.C. 3105.171. Generally, "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage" is separate property. R.C. 3105.171(A)(6)(a)(ii). Further, any "[p]assive income and appreciation acquired from separate property by one spouse during the marriage" would also qualify as separate property. R.C. 3105.171(A)(6)(a)(iii). However, "* * * all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage," is classified as marital property. R.C. 3105.171
(A)(3)(a)(iii).
 {¶ 14} Appellant's only argument is that the mortgage pay-down is marital property. To support this argument, appellant cites Munroe v.Munroe (1997), *Page 5 119 Ohio App.3d 530. In Munroe, the court discussed a formula to determine the division of a marital asset which had originated as the separate property of one spouse. Id. We note that after a thorough review of the record, the Munroe formula cannot be applied in the instant matter since the record does not contain any figures relating to the value of the condominium.
 {¶ 15} Further, this court has stated the amount of the mortgage pay-down is only one factor used to determine equity in real estate.Woofter v. Woofter, 11th Dist No. 2005-T-0124, 2006-Ohio-5177, at ¶ 41. The trial court must also determine the parties' total equity in the property. Id.
 {¶ 16} While it was established at trial that appellant purchased the condominium prior to the marriage, the record is silent as to both the purchase price of the condominium and the amount, if any, of appellee's down payment. Additionally, although it was further confirmed that during the course of the five-year marriage the mortgage was significantly reduced, the record does not establish the exact amount of the mortgage reduction during the parties' marriage, or the precise source of funds used to pay it down. Moreover, we note the record is deficient as to any evidence concerning the appreciation of the condominium during the marriage, if any.
 {¶ 17} The transcript of proceedings reveals that the trial court had before it many other factors related to the equitable division of property. At trial, both parties testified the date of separation to be September 20, 2005. During this separation period, appellant remained living in the condominium. Both parties testified that appellee paid for all expenses associated with the condominium during this time period, including the mortgage, electric, water, phone, cable television, condominium fees and *Page 6 
property taxes. Further, both parties testified that appellee paid for portions of appellant's college tuition. Appellee also testified that he paid $11,000 in debts incurred by appellee prior to their marriage. Therefore, this court cannot agree with appellant's sole contention that the total reduction in the mortgage during the marriage is to be equally divided between the parties. In arriving at its decision, we cannot find that the trial court's determination was unreasonable, arbitrary, or unconscionable. As such, appellant's sole assignment of error is without merit.
 {¶ 18} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1